UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPRINGER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CUSTARD INSURANCE ADJUSTERS, INC.,<br><br>    Defendant. | Case No. 17-cv-05840-WHO<br>Case No. 18-cv-02768-WHO<br>Case No. 18-cv-05487-WHO<br>Case No. 18-cv-04670-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 71 |

The motion for preliminary approval was heard on February 20, 2019, with Scott Cole & Associates, APC, the Law Offices of Herbert Hafif, PC, the Law Office of Larry Sackey, and Matern Law Group, PC appearing as counsel for Representative Plaintiffs Keith Tyner, Armen Abgaryan, Perry Wadler, Gerald Springer Jr., Troy Willis and Ray Paiva, individually and on behalf of the Plaintiff Classes, and Gordon & Rees Scully Mansukhani, LLP appearing by phone as counsel for Defendant Custard Insurance Adjusters, Inc. ("Defendant"). The Court, having carefully considered the briefs, arguments of counsel, and all matters presented to the Court and good cause appearing, GRANTS Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement, and all terms used shall have the same meaning as set forth in the Settlement Agreement.

**IT IS ORDERED** as follows:

1.  The Settlement is preliminarily approved as within the range of reasonableness pursuant to Federal Rule of Civil Procedure 23(e).

2.  Pursuant to Federal Rule Civil Procedure 23(b)(3), the Court hereby conditionally certifies the Settlement Classes for settlement purposes only. The Settlement Classes are defined

as follows:

> **The California Class**: The class includes all persons who were employed as overtime-exempt insurance adjusters by Defendant in one or more of its Custard branch office locations in California at any time on or after October 4, 2013.
>
> **FLSA Class**: The class includes all persons who were employed as overtime-exempt insurance adjusters by Defendant in one or more of its Custard branch office after October 4, 2014.

3. The Court concludes that, for settlement purposes only, the Settlement Class meets the requirements for certification under Federal Rule of Civil Procedure, Rule 23 in that: (a) the Settlement Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) common questions of law and fact predominate, and there is a well-defined community of interest amongst the members of the Settlement Class with respect to the subject matter of the litigation; (c) the claims of the named plaintiffs are typical of the claims of the members of the Settlement Class; (d) the named plaintiffs will fairly and adequately protect the interests of the members of the Settlement Class; (e) a class action is superior to other available methods for the efficient adjudication of this controversy; and (f) counsel for the class ("Class Counsel") is qualified to act as counsel for the named plaintiffs in their individual capacities and as the representatives of the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure, Rule 23, the Court preliminarily certifies Plaintiffs Perry Wadler, Gerald Springer, Troy Willis, Keith Tyner, Armen Abgaryan and Ray Paiva as Class Representatives and Plaintiffs' counsel as Class Counsel solely for purposes of settlement.

5. The Court hereby approves the form and content of the Class Notice, attached as Exhibit "B," and the Claim Form attached as Exhibit "C," respectively, to the Declaration of Scott Edward Cole with the additional time for filing objections and opt-outs as required by the Court, and the Notice Program set forth in the Settlement Agreement. The Court finds that the Notice meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e).

6. The Court hereby imposes a stay on all litigation of the Actions pending the Final

1  Approval Hearing.

2        7.    The preliminary approval of the Settlement, certification of the California Settlement Class members and the California Class Claims, and the FLSA Settlement Class members and the FLSA Class Claims, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review, in which event the Settlement Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or non-liability or of the certifiability of a litigation class or the appropriateness of maintaining a representative action.

      8.    The Court provisionally appoints CPT Group as Claims Administrator. The procedure for the Claims Administrators to distribute the Class Notice shall: (i) constitute the best practicable notice; (ii) constitute notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Actions, and their right to exclude themselves from or object to the proposed settlement and to appear at the Final Approval Hearing; (iii) be reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

      9.    Pursuant to the Settlement Agreement, within 10 calendar days of the entry of this Preliminary Approval Order, Defendant will provide the Class Administrator with a Class List (i.e., the best information in its possession, custody, or control with respect to the names, social security numbers, last known addresses, home telephone number, and e-mail address for each Class Member, and the dates of service and number of workweeks that each Class Member worked for Defendant during the Settlement Period). The Claims Administrator shall keep and maintain the information as confidential and shall only use the Social Security numbers for purposes of this Settlement Agreement, i.e. to locate the Class Members.

      10.    The Class Administrator shall send the Class Notice Package to the Class List by first class mail within 10 calendar days of receiving the Class List from Defendant.

11. Class Members may choose to exclude themselves from the Settlement by submitting a written objection complying with the specifications in the Notice no later than 60 calendar days after the date the Class Notice Package is mailed to the Class Members (or not more than 60 calendar days after the date the Class Notice Package is re-mailed).

12. Class Members may object to the Settlement by mailing a written objection complying with the specifications in the Notice no later than 60 calendar days after the date the Class Notice Package is mailed to the Class Members (or not more than 60 calendar days after the date the Class Notice Package is re-mailed). The Settlement Administrator shall promptly forward any objections received to Class Counsel and Defendant's counsel.

13. Class Members may enter an appearance through counsel of their own choosing and at their own expense or may appear individually and show cause, if they have any facts or arguments to present, as to: (a) why the proposed settlement of the Actions as set forth in the Settlement Agreement should or should not be approved as fair, reasonable, and adequate; and (b) why the final approval order and judgment should or should not be entered on the proposed Settlement Agreement.

14. The notice of settlement, which has been served by Plaintiff Wadler on the California Labor and Workforce Development Agency, satisfies the requirements of PAGA.

15. The notice of settlement to be served by Defendant on the U.S. and applicable state attorneys general satisfies the requirements of the Class Action Fairness Act.

16. The Final Approval Hearing and any determination on the request for a Class Counsel Award and Service Awards shall be set no earlier than thirty-five (35) days after the Exclusion/Objection deadline.

17. Plaintiffs shall file and serve their motion for final approval no later than twenty-eight (28) days before the Final Approval Hearing. The Motion shall include and address any objections received. In addition to the class certification and settlement fairness factors, the Motion shall address the number of Class Members who have opted out. Any opposition briefs on such motions and petitions shall be filed and served fourteen (14) days before the Final Approval Hearing. Any reply briefs on such motions and petitions be filed seven (7) days before the Final

Approval Hearing.

18. No later than seven (7) calendar days prior to the Final Approval Hearing, the parties shall file a sworn declaration evidencing compliance with the provisions of the Settlement Agreement as it relates to providing Notice.

19. Within thirty (30) days after the date the Class Notice Package is mailed to the Class Members, Class Counsel shall file an application for attorneys' fees and costs. Class Counsel shall provide documentation detailing the number of hours incurred by attorneys in litigating these actions, supported by detailed time records and descriptive categorization of tasks undertaken, as well as the hourly rate of compensation sought by each billing attorney or paralegal. Class Counsel should be prepared to address any questions the Court may have regarding the application for fees at the Final Approval Hearing. Class Members shall have thirty-five (35) days from the date of filing to object to the application for attorneys' fees and costs.  Counsel shall be aware that the apparent duplication of effort by the plaintiffs' firms – the most recent examples of which were the number of attorneys attending the Preliminary Approval Hearing and the duplicative proposed orders and letters submitted by plaintiffs' counsel following that hearing – will be considered and careful review will be given to the lodestar cross-check in determining the reasonableness of plaintiffs' request for attorneys' fees in this matter.

20. Pursuant to Rule 23(e), the Final Approval Hearing will be held before this Court at Courtroom 12, 450 Golden Gate Avenue, San Francisco, California 94102 on July 17, 2019, at 2:00 p.m., to determine: (a) whether the proposed settlement of the Actions on the terms and conditions provided in the Settlement Agreement are fair, reasonable, and adequate, and (b) whether a final approval order and judgment should be entered herein. The Court may adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.

21. After the Final Approval Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement Agreement) with respect to the claims being settled.

22. In the event the Settlement Agreement is not consummated for any reason, the conditional class certification shall be of no further force or effect.

**IT IS SO ORDERED.**

Dated: March 12, 2019



William H. Orrick
United States District Judge
United States District Court
Northern District of California